IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY E. TRIMBLE | ) | |
|---|---|---|
| | ) | Civil Action No. 13-172 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| JACK SHAW, OCSE Official, DANIEL N. RICHARD, Director in personal capacity, other unknown officials in their personal capacity for the Commonwealth of Pennsylvania, JOSEPH SIGNORE, SUSAN LAMPING, JEFFREY DeSANZO, LOU PASQUELIN, JAN HOFFMAN, CAROLE COLLELLA and ATTORNEY URICK in personal capacity, other unknown officials in their personal capacity of Beaver County, Pa., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION DEFENDANTS' MOTIONS TO DISMISS

### I. RECOMMENDATION

For the reasons set forth below, it is respectfully recommended that the Defendants' Motions to Dismiss be granted. It is further recommended that the complaint be *sua sponte* dismissed as to Defendant Jack Shaw. Plaintiff's *pro se* Second Amended Complaint sets forth causes of action which, on the face of the latest Complaint, still fail to state a cognizable claim under the causes of action alleged and are clearly time barred. Further, any opportunity to amend

1

would be futile, as it does not appear, given the facts of record, that Plaintiff could make out any non-time-barred claim.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Timothy E. Trimble ("Trimble") has repeatedly objected to the support and alimony awards made by the Beaver County Court of Common Pleas (the "Divorce Court") in his 1993 divorce proceedings, as well as subsequent contempt orders issued by the Court during the 1990's. Cf. Sheils v. Bucks County Domestic Relations Section, 921 F.Supp.2d 396 (E.D.Pa. 2013) (dismissing complaint by father founded on "child support services' administration, collection, and enforcement of court support orders and related contempt proceedings stemming from cantankerous domestic relations support proceeding in state court").[1]

Plaintiff was granted *in forma pauperis* ("IFP") status on March 4, 2013 and his Complaint in this action was filed the next day. His most recent, Second Amended Complaint was filed on May 9, 2013 (ECF No. 24) and asserts claims against Jack Shaw; Daniel Richard, the Director of the Department of Public Welfare's Bureau of Child Support Enforcement (the "BCSE"); Attorney Urick, then solicitor for Beaver County Domestic Relations; and several named and unnamed officials "of Beaver County, Pa." including the remaining named Defendants, who were domestic relations hearing officers. Trimble complains that the hearing

---

[1] Cf., *e.g.*, Second Amended Complaint at paras. 26-27 (contesting that he should not have been required to pay alimony to an ex-wife who was no longer "doing any domestic chores"); id. at para. 46 (asserting he should not have had to pay child support because "the child was disowned in 1994 because [he] was not able to visit with his kids"). Cf. also Plaintiff's Motion to Strike Answer Briefs at 7 (asserting that "Beaver County executives . . . willfully and maliciously placed the plaintiff and [*sic*] in a condition of involuntary servitude").

officers' role in his case (receiving evidence, holding hearings, issuing recommendations to the Court which were adverse to Trimble) during the 1990's denied him First Amendment rights of petition because they were not attorneys, and that his wages and/or social security disability checks were garnished for child support and alimony from 2007 through July 2010 without due process.[2]  See Defendant Richard's Brief in Support of Motion to Dismiss ("Richard's BSMD") at 2, 6; other Defendants' Brief in Support of Motion to Dismiss for Failure to State a Claim ("BSMDFSC") at 2-4.  All Defendants, with the exception of Jack Shaw, were served in this matter. See discussion, *infra*.

### III. STANDARD OF REVIEW

A Motion to Dismiss is an appropriate means of challenging the legal sufficiency of the Complaint.  See, *e.g.*, Sturm v. Clark, 835 F.2d 1009, 111 (3d Cir. 1987).  It is to be granted where the Complaint fails to set forth facts stating "a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007).  See also Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57).  In Iqbal, the Supreme

---

[2] When Plaintiff's social security benefits were garnished by the Domestic Relations section of the Beaver County Court of Common Pleas in May, 2007, Plaintiff filed for injunctive relief against Social Security in the United States District Court for the Middle District of Florida, which dismissed his Amended Complaint with prejudice in September, 2008.  Plaintiff appealed to the Eleventh Circuit, where his several Motions were denied, the action was dismissed for failure to prosecute/file briefing, was reinstated and ultimately adversely decided in February, 2010.  Thereupon, Plaintiff petitioned for rehearing and *en banc* review, and then for Certiorari to the United States Supreme Court, each of which was denied.  See BSMDFSC at 4.  See also U.S. District Court, Middle District of Florida Civil Docket #2:07-cv-00508-MMH-DNF at ECF No. 51; United States Court of Appeals for the Eleventh Circuit, Docket at #08-16780-DD.

Court further explained that "[t]he plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Shortly therafter, in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit described the Rule 12(b)(6) standard as requiring that civil complaints set out "sufficient factual matter" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler, 578 F.3d at 210 (quoting Iqbal). And it set forth the following two-prong test:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts. . . . This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'

Fowler, 578 F.3d at 210-11 (citations omitted).

In assessing a Motion to Dismiss, the Court may consider not only the factual allegations that appear on the face of the Complaint, but also documents attached to or submitted with the Complaint, or incorporated into the Complaint by reference, as well as certain other evidence outside the Complaint/other authentic items/items of public record. See generally, Pryor v. Nat'l Collegiate Athletic Ass'n., 228 F.3d 548, 560 (3d Cir. 2002). See also State College Area School Dist. v. Royal Bank of Canada, 825 F.Supp.2d 573, 577-578 (M.D. Pa. 2011) (quoting Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006)).

The Court also observes that *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted); Haines v. Kerner, 404 U.S. 519 (1972).

## IV. ANALYSIS

### A. Motions to Dismiss

The Court concurs with the Defendants' analysis as to the existence of a time bar to Plaintiff's complaints; *the facial time bar is determinative in dismissal of this action*. More specifically, as noted above, Plaintiff's claims arise from his child support and alimony payment obligations, as determined during his divorce proceedings twenty (20) years ago before the Beaver County Court of Common Pleas, and subsequent contempt orders and wage garnishments, the last of which ended in July, 2010. Pennsylvania's two-year personal injury statute of limitations applies to his claims. See generally Wilson v. Garcia, 471 U.S. 261 (1985). The last alleged action by Attorney Urick was in 1996 (the divorce proceedings were finalized in 1995). See Second Amended Complaint at para. 50. The last alleged action by any hearing officer Defendant was in 1997. See id. at para. 58; BSMDFSC at 4, 7.

The Court also observes that, Plaintiff's arguments to the contrary notwithstanding, this action is not analogous to Great Western Mining & Mineral Co., 615 F.3d 159 (3d Cir. 2010) (adverse decisions attributed to corrupt conspiracy in judiciary, *i.e.*, source of injury was defendants' corrupt actions not state court judgments) or other cases to which he suggests comparison. Cf. Great Western, 615 F.3d at 166 (citing Exxon Mobil Corp. v. Saudi Basic Indus.

Corp., 544 U.S. 280 (2005) and listing four requirements to applicability of Rooker-Feldman doctrine).[3]

In addition, if there were on-going State Court domestic relations/support proceedings, Federal Court abstention under Younger v. Harris, 401 U.S. 37 (1971), would apply.[4] See, *e.g.,* Sheils v. Bucks County Domestic Relations Section, 921 F.Supp.2d 396 (E.D. Pa. 2013) (abstaining, under Younger, from exercising jurisdiction over father's § 1983 claims related to child support payments and proceedings pending before state agencies (including wage garnishment), which were quintessential domestic relations proceedings traditionally the domain of state courts and their agencies, implicating important state interests) (citing Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Ex parte Young, 209 U.S. 123, 159–60 (1908)). See also id. (noting that state's quasi-judicial administrative proceedings afforded father adequate opportunity to raise his federal claims, as Pennsylvania had codified mechanism by which father could obtain judicial review of agencies' decisionmaking, and there was no evidence he would not receive fair treatment if he raised due process-deprivation claims thereunder) (citing 2 Pa.C.S.A. §§ 702, 703(a), 754(b)); cf. id. (citing Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 412 (3d Cir. 2005) ("2 Pa. Cons. Stat. Ann. § 754(b) allows for reversal of a[ ] [local] administrative action by the reviewing court if there has been a

---

[3] The Court finds persuasive, but need not reach as it unnecessary to this Recommendation, the Rooker-Feldman doctrine reservations raised in Richard's BSMD at 2-3 (discussing Plaintiff's challenges to the "Beaver County Court's adjudications pertaining to child support, alimony and contempt" and the injury/effect of those orders/adjudications, *e.g..* wage garnishment).

[4] Cf. Richard's BSMD at 5 ("Plaintiff is party to an open case that will not terminate until the child support order is finally discharged; Pennsylvania courts retain continuing exclusive jurisdiction over these matters.") (citing Pa.R.Civ.P. 1910.1 *et seq.*).

violation of constitutional rights."). See also Richard's BSMD at 5-6 (citing Pennsylvania provisions for raising issues at a child support, contempt or enforcement hearing, and for demanding "a [*de novo*] hearing before the trial court after the court has entered an interim support order based upon a hearing officer's recommendation"); id. at 6 (similarly noting that where hearing officer employed by the judicial district receives evidence, hears argument and files recommendation with the court, "[t]he parties may file exceptions thereto and, if so, the court shall hear argument on the exceptions and enter an appropriate final order").

Finally, the Court observes that Eleventh Amendment immunity would apply to Trimble's § 1983 claims seeking damages against governmental employee Defendants in their official capacities, *e.g.*, Defendant Richard, the Director of the Department of Public Welfare's Bureau of Child Support Enforcement and the Beaver County Domestic Relations Division employees, as such claims are tantamount to suits against the Commonwealth of Pennsylvania itself. See Sheils v. Bucks County Domestic Relations Section, 921 F.Supp.2d 396 (E.D.Pa. 2013) (citing Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010) (affirming District Court's holding that Director of State Department of Welfare and Child Support Enforcement employees were entitled to Eleventh Amendment immunity). And, as to individual capacity claims, it observes that the Second Amended Complaint's factual assertions are grossly insufficient to plausibly suggest supervisory liability on the basis of either (1) establishing or maintaining, "with deliberate indifference to the consequences . . . a policy, practice or custom which directly caused [the] constitutional harm", or (2) "participat[ing] in violating plaintiff's rights, direct[ing] others to violate them, or, as the person[s] in charge, hav[ing] knowledge of and acquiesce[ing] in [their] subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Detention Ctr., 372 F.3d 572, 586 (3d Cir. 2004); Santiago v. Warminster Twp., 629 F.3d 121,

7

127 n. 5 (3d Cir. 2010). Cf. Richard's BSMD at 7-8 (noting absence of specific allegations in personal, versus supervisory, capacity).

### B. Remainder of Complaint, Against Defendant Shaw

As noted in Section II above, service has not been effected against Defendant Jack Shaw and, accordingly, no Motion to Dismiss has been filed on his behalf. But the Court may, given its obligations regarding the efficient use of judicial resources as reflected in the law regarding *sua sponte* dismissal of *in forma pauperis* and facially time-barred claims, dismiss this action against Defendant Shaw as well.

First, in accordance with Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*, *i.e.*, without the prepayment of costs, federal courts are required to review complaints and to dismiss, at any time, and notwithstanding any portion of the filing fee that may have been paid, any action that fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). As noted, *supra*, a plaintiff fails to allege a sufficient claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). And notwithstanding the liberality with which a *pro se* complaint is read, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

Second, the Third Circuit Court of Appeals has addressed a district court's *sua sponte* dismissal of a *pro se* complaint on statute of limitations grounds. In Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008), the Court observed:

> Civil rights complaints are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. *See* Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. *See* Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); *see also* Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (citation omitted) (finding that a district court's screening authority under § 1915(e) "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*.").

260 F. App'x at 455; see also Jackson v. Fernandez, No. 08-5694, 2009 U.S. Dist. LEXIS 7041, 2009 WL 233559 (D. N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 U.S. Dist. LEXIS 46503, 2008 WL 2421468 (D. Del. June 16, 2008).

Since it is clear from the face of the Second Amended Complaint that this IFP Plaintiff's claims are barred by the statute of limitations, they may therefore be dismissed *sua sponte* as to Defendant Shaw in this Memorandum Order dismissing the action against all other Defendants. Cf. Thompson v. Eva's Village And Sheltering Program, 377 Fed.Appx. 141 (3d Cir. 2010) (affirming District Court's *sua sponte* dismissal of action by non-prisoner litigant proceeding *in forma pauperis*).

## V. CONCLUSION

Accordingly, for the above reasons, it is respectfully recommended that Defendants' Motions to Dismiss be granted. This Report further recommends the *sua sponte* dismissal of the action as to Defendant Jack Shaw. The Court specifically concludes, based on the explication above, that the action is time barred and any further leave to amend the *pro se* Complaint would be futile. See e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (dismissal of *pro se* civil rights claim without amendment where it would be futile).

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.


Dated:  December 11, 2013                                    s/Lisa Pupo Lenihan
                                                             Lisa Pupo Lenihan
                                                             Chief U.S. Magistrate Judge